09-1173-cv
Seales v. Panamanian Aviation Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand nine.

PRESENT:    JOHN M. WALKER, JR.,
            REENA RAGGI,
                    *Circuit Judges*,
            JED S. RAKOFF,
                    *District Judge*.[*]

--------------------------------------------------------------------------------
CARLOS A. SEALES,

                            *Plaintiff-Appellant*,

                v.                                      No. 09-1173-cv

PANAMANIAN AVIATION COMPANY LIMITED,
also known as Copa Airline,

                            *Defendant-Appellee*,

JANE DOE, JOHN DOE 1 through 10, inclusive, the
names of the last defendants being fictitious, the true

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

names of the defendants being unknown to the plaintiff,

<em>Defendants.</em>

-------------------------------------------------------------------------------

APPEARING FOR APPELLANT:     OKECHUKWU VALENTINE NNEBE, Nnebe & Nnebe, Brooklyn, New York.

APPEARING FOR APPELLEE:     MARGUERITE D. PECK, Downing & Peck P.C., New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 23, 2009, is AFFIRMED.

Plaintiff Carlos Seales sued defendant Panamanian Aviation Company for injuries arising from his arrest and detention in Jamaica for illegal importation and possession of a firearm and ammunition. He now appeals from the dismissal of his complaint for lack of subject matter jurisdiction and <u>forum non conveniens</u>. We review <u>de novo</u> the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). <u>See</u> <u>Jaghory v. N.Y. State Dep't of Educ.</u>, 131 F.3d 326, 329 (2d Cir. 1997). We review a <u>forum non conveniens</u> dismissal "deferentially for abuse of discretion." <u>Norex Petroleum Ltd. v. Access Indus.</u>, 416 F.3d 146, 153 (2d Cir. 2005). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Montreal Convention

Plaintiff first submits that the district court erred in concluding that, to the extent his

claims arose out of defendant's delivery of his firearm and ammunition to the luggage

carousel rather than to the appropriate Jamaican authorities, they were preempted by the

Montreal Convention. See Convention for the Unification of Certain Rules for International

Carriage by Air art. 29, May 28, 1999, S. Treaty Doc. No. 106-45 (2000) ("Montreal

Convention"). We need not construe the preemptive scope of the Montreal Convention

because we think the "less burdensome course" in this case, which was dismissed only in part

on this ground, is to address the clearer forum non conveniens inquiry first. Sinochem Int'l

Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 436 (2007) (permitting courts to dismiss,

without first considering their jurisdiction, if "forum non conveniens considerations weigh

heavily in favor of dismissal").

2.      *Forum Non Conveniens*

Our analysis of forum non conveniens follows the three-step test set forth in Iragorri

v. United Technologies Corp., 274 F.3d 65, 73-74 (2d Cir. 2001) (en banc). "At step one,

a court determines the degree of deference properly accorded the plaintiff's choice of forum.

At step two, it considers whether the alternative forum proposed by the defendants is

adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private

and public interests implicated in the choice of forum." Norex Petroleum Ltd. v. Access

Indus., Inc., 416 F.3d at 153 (citing Iragorri v. United Techs. Corp., 274 F.3d at 73-74) (internal citations omitted).

        a.      Plaintiff's Residence

Plaintiff submits that the district court abused its discretion at step one by concluding that he did not reside in the United States. See Iragorri v. United Techs. Corp., 274 F.3d at 73 & n.5 (noting plaintiff's forum choice is entitled to deference when based on legitimate reasons, including place of residence). Our review of the record reveals the following: (1) in 2006, plaintiff spent only fifteen days in the United States and spent a majority of his time in Jamaica; (2) plaintiff was in Jamaica when his complaint was filed in July 2007; (3) while plaintiff did spend more time in the United States than in Jamaica in 2007, he still spent the majority of the year outside this country; (4) plaintiff represented to Jamaican police in 2005 that he no longer lived in Brooklyn; (5) plaintiff's attorney represented to a Jamaican court in 2005 or 2006 that he was in the process of moving to Jamaica; (6) plaintiff's current wife and children live in Jamaica; and (7) plaintiff receives mail, maintains a joint bank account with his wife, and has a treating physician in Jamaica. On this record, we identify no error, much less clear error signaling an abuse of discretion, in the district court's factual finding that plaintiff did not reside in the United States and that, therefore, his choice of forum was entitled to less deference. See id. at 72.

4

b.      Adequacy of Jamaican Forum

Plaintiff next asserts that the district court abused its discretion at step two by concluding that Jamaica was an adequate alternative forum.  "An alternative forum is generally adequate if:  (1) the defendants are subject to service of process there; and (2) the forum permits litigation of the subject matter of the dispute."  See Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan, 273 F.3d 241, 246 (2d Cir. 2001) (internal quotation marks and citation omitted).  Plaintiff does not meaningfully dispute that defendants would be subject to service of process in Jamaica;[1] he argues only that the district court erred in not making certain express findings with respect to whether a Jamaican forum would permit litigation of his claims.

Although plaintiff correctly notes that an alternative forum is not adequate if a statute of limitations bars the suit, see Norex Petroleum Ltd. v. Access Indus, Inc., 416 F.3d at 159, we identify no abuse of discretion here because plaintiff did not raise this argument before the district court, see Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for

---

[1] Plaintiff conclusorily argues that "[n]othing in the record indicates that defendant is willing to submit itself to jurisdiction in Jamaica."  Appellant's Br. at 19.  To the contrary, in concluding that Jamaica was an adequate alternative forum, the district court noted that defendant argued that it is subject to service of process in Jamaica, and plaintiff did not contest that point.  Moreover, in his reply brief, plaintiff notes that defendant "may be amenable to service of process in Jamaica."  Appellant's Reply Br. at 5.

5

the first time on appeal." (internal quotation marks and citation omitted)). Even now, he fails to identify any limitations period that would preclude him from litigating in Jamaica.

Plaintiff's argument that the Montreal Convention renders Jamaica an inadequate forum is similarly unavailing. As a general matter, "'[t]he availability of an adequate alternative forum does not depend on the existence of the identical cause of action in the other forum,' nor on identical remedies." Norex Petroleum Ltd. v. Access Indus., Inc., 416 F.3d at 158 (citing PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 74 (2d Cir. 1998)). Moreover, because the Montreal Convention also applies in plaintiff's chosen United States forum, we cannot conclude that its imposition of the same limitations in Jamaica renders that forum inadequate.[2] Accordingly, we detect no abuse of discretion in the district court's conclusion that Jamaica is an adequate alternative forum.

---

[2] In his reply brief, plaintiff argues that Jamaica is an inadequate forum because the Montreal Convention's two-year statute of limitations now bars him from bringing in Jamaica the claims that the district court dismissed in the United States for lack of jurisdiction. Even assuming that plaintiff correctly characterizes the Montreal Convention and our standards regarding the adequacy of alternative fora, this argument still fails to persuade. To the extent that the Montreal Convention applies to plaintiff's claims, it precludes him from bringing them at all in plaintiff's chosen forum, because the United States is not the domicile of the carrier, the principal place of business of the carrier, the place where the contract was made, the place of destination, or the principal and permanent residence of the passenger. See Montreal Convention art. 33. To the extent the Montreal Convention does not govern his claims, as plaintiff otherwise urges us to hold, its two-year statute of limitations cannot preclude him from litigating in Jamaica.

c.      Balancing of Public and Private Interests

Plaintiff also contends that the district court erred at step three in balancing public and private interest factors.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 & n.6 (1981); accord Iragorri v. United Techs. Corp., 274 F.3d at 73-74.  As to the private interests, plaintiff argues that defendant's employees are located in Panama, not Jamaica, and that therefore Jamaica would not be a more convenient forum than the United States.  In fact, the district court correctly noted this fact but nevertheless concluded that other key witnesses – namely, customs and police officers, representatives of the gun court, and airport baggage handlers – were present in Jamaica and not subject to United States jurisdiction.  We identify no abuse of discretion in the district court's conclusion that the presence of these witnesses in Jamaica tilted the private interest balance in favor of dismissal.  See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947) (holding that private interest factors include the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses").

As to the public interests, plaintiff argues that the district court conflated public and private interest factors in concluding that Jamaica had a stronger interest in adjudicating this case.  To the contrary, the district court's analysis of the public interest factors turned on the fact that the events giving rise to this action occurred in Jamaica.  Indeed, plaintiff's case even involves the Jamaican legal system.  The district court therefore correctly determined

7

that the public interests weighed in favor of a Jamaican forum. See id. at 509 ("There is a local interest in having localized controversies decided at home.").

### d. Reconsideration of *Forum Non Conveniens*

Finally, plaintiff submits that the district court erred in reconsidering its earlier forum non conveniens ruling. To the extent defendant moved to dismiss the amended complaint on forum non conveniens grounds, we construe that motion as a motion for relief from a judgment based on newly discovered evidence. See Fed. R. Civ. P. 60(b)(2). While the district court has discretion to reconsider its decisions, that discretion is limited to, inter alia, "circumstances in which new evidence is available." Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber, 407 F.3d 34, 44 (2d Cir. 2005). Here, plaintiff's passport records, which were produced only after the district court's decision on defendant's first motion to dismiss, revealed that plaintiff was not a United States resident and therefore altered the forum non conveniens balance.

Plaintiff appears to argue that decisions based on forum non conveniens uniquely preclude reconsideration by the district court. We disagree. While, ordinarily, a forum non conveniens dismissal has no preclusive effect in a different forum, where site-specific convenience factors apply differently, "issue preclusion is appropriate if the issue actually remains the same." 18A Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 4436, at 173-74 (3d ed. 2007). Here, however, the introduction of new

8

evidence altered the balance of the convenience factors and justified the district court's reconsideration of the issue. We therefore identify no abuse of discretion.

We have considered plaintiff's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By: _____