21-610-cv
*Owens v. Turkiye Halk Bankasi A.S.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand twenty-three.

PRESENT:     PIERRE N. LEVAL,
                DENNY CHIN,
                JOSEPH F. BIANCO,

*Circuit Judges.*

---

James Owens, Victoria J. Spiers, Gary Robert Owens, Barbara Goff, Frank B. Pressley, Jr., Yasemin B. Pressley, David A. Pressley, Thomas C. Pressley, Michael F. Pressley, Berk F. Pressley, Jon B. Pressley, Marc Y. Pressley, Sundus Buyuk, Montine Bowen, Frank Pressley, Sr., Bahar Buyuk, Serpil Buyuk, Tulay Buyuk, Ahmet Buyuk, Dorothy Willard, Ellen Marie Bomer, Donald Bomer, Michael James Cormier, Andrew John William Cormier, Alexandra Cormier, Patricia Feore, Clyde M. Hirn, Alice M. Hirn, Patricia K. Fast, Inez P. Hirn, Joyce Reed, Workley Lee Reed, Cheryl L. Blood, Bret W. Reed, Ruth Ann Whiteside, Lorie Gulick, Pam Williams, Flossie Varney, Lydia Sparks, Howard Sparks, Tabitha Carter, Howard Sparks, Jr., Michael Ray Sparks, Gary O. Spiers, Victoria Q. Spiers, Julita A. Qualicio, Judith Abasi Mwila, Donte Akili Mwaipape, Donti Akili Mwaipape, Victoria Donti Mwaipape, Elisha Donti Mwaipape, Joseph Donti Mwaipape, Debora Donti Mwaipape, Nko Donti Mwaipape, Monica Akili, Akili Musupape, Valentine

Mathew Katunda, Abella Valentine Katunda, Venant Valentine Mathe Katunda, Veidiana Valentine Katunda, Diana Valentine Katunda, Edwine Valentine Mathe Katunda, Angelina Mathew Felix, Edward Mathew Rutaheshelwa, Elizabeth Mathew Rutaheshelwa, Happiness Mathew Rutaheshelwa, Eric Mathew Rutaheshelwa, Enoc Mathew Rutaheshelwa, Angelina Mathew-Ferix, Mathew-Ferix, Samuel Thomas Marcus, Cecilia Samuel Marcus, Coronella Samuel Marcus, Hanuni Ramadhani Ndange, Shabani Saidi Mtulya, Adabeth Said Nang'Oko, Kulwa Ramadhani, Rizwan Khaliq, Jenny Christiana Lovblom, Imran khaliq, Tehsin Khaliq, Imtiaz Bedum, Irfan Khaliq, Yasir Aziz, Naurin Khaliq, Kenneth Spencer, Jr., Samuel P. Rice, Steven A. Diaz, Estate of David Brown, Estate of Jesse James Ellison, Robert Sword, Steven Sibille, Frances Spencer, Estate of Kenneth Spencer, Sr., Amy Morrow, Karen Brown, Kris Boerger, Samuel O. Rice, Belinda Rice, Amy Cogswell, David Rice, Todd Rice, Valerie Trail, Daniel Rice, Lisa Schultz, Steven James Diaz, Jane Astrid Diaz, Robert Diaz, Teresa Diaz, Magdalena Mary Diaz, Raul Diaz, Edward Diaz, Estate of Daniel P. Diaz, Carmella Wood, Patsy McEntire, Lewis Brown, Lisa Maybin, Ronny Brown, Cynthia Burt, Estate of Therisa Edwards, Estate of Andres Alvarado Mirbal, Estate of Nerida Tull Baez, Estate of Margaret O'Brien, Mitchell Anderson, Estate of Virginia Ellison, Estate of Kenneth Ellison, Kimberly Carlson, Gary Carlson, Daniel Carlson, William Carlson, Penny Nelson, Beulah Sword, William Sword, John Sword, Jerry Sword, Caroline Broadwine, Estate of Verian Sibille, Estate of Victor Sibille, Jr., Victor Sibille, IV, Kevin Sibille, Valerie Unkel, Pamela Schultz, Stephanie Hardy, Mary Jane Howell, Ronald Howell, Donna Black, Mario H. Vasquez, Denny West, The Estate of John Chipura, Eileen Chipura, Nancy Chipura, Gerard Chipura, Susan Cohen, Estate of Roscoe Hamilton, Freda Sue Gayheart, Ramona Green, Robert Hamilton, James Edwards, Ray Edwards, Betty Sue Rowe, Gary Edwards, Ralph Edwards, Estate of Larry Edwards, Estate of David Worley, Nancy Worley, David Worley, Bryan Worley, Estate of John Buckmaster, Esther Buckmaster, Gregg Buckmaster, Vickie Buckmaster, Arley Buckmaster, Estate of

Malka Roth, Frimet Roth, Pesia Roth, Rivka Roth Rappaport, Zvi Roth, Shaya Roth, Pinchas Roth, Estate of Jacob Fritz, Noala Fritz, Estate of Lyle Fritz, Ethan Fritz, Daniel Fritz, Estate of Bryan Chism, Elizabeth Chism, Danny Chism, Vanessa Chism, Julie Chism, Estate of Shawn Falter, Linda Falter, Marjorie Falter, Estate of Russell J. Falter, Russell C. Falter, Andrew Lucas, David Lucas, Timothy Lucas, Marsha Novak, Jason Sackett, Estate of Ahmed Al-Taie, Hathal K. Taie, Kousay Al-Taie, Nawal Al-Taie, Monicah Okoba Opati, in her own right, as executrix of the estate of Caroline Setla Opti, Selifah Ongecha Opati, Rael Angara Opati, Salome Ratemo, in his own right, as executor of the Estate of Sally Cecilia Mamboleo, Kevin Ratemo, Fredrick Ratemo, Louis Ratemo, Stacy Waithera, Michael Daniel Were, Judith Nandi Busera, Roselyne Karsorani, George Mwangi, Bernard Macharia, Gad Gideon Achola, Gad Gideon Achola, Jonathan Karania Nduti, Gitionga Mwaniki, Rose Nyette, Elizabeth Nzaku, Patrick Nyette, Cornel Kebungo, Phoebe Kebungo, Joan Abundo, Benard Abundo, Nancy Njoki Macharia, Sally Omondi, Jael Nyosieko Oyoo, Edwin Oyoo, Miriam Muthoni, Priscah Owino, Greg Owino, Michael Kamau Mwangi, Joshua O. Mayunzu, Zackaria Musalia Ating'a, Julius M. Nyamweno, Polychep Odhiambo, David Jairus Aura, Charles Oloka Opondo, Ann Kanyaha Salamba, Erastus Mijuka Ndeda, Techonia Oloo Owiti, Joseph Ingosi, William W. Maina, Peter Ngigi Mugo, Simon Mwanhi Nhure, Joseph K. Gathungu, Dixon Olubinzo Indiya, Peter Njenga Kungu, Charles GT. Kabui, John Kiswilli, Fransisca Kyalo, Charity Kitao, Leilani Bower, Winnie Ndioda Kimeu, Audrey Maini Nasieku Pussy, Kennedy Okelo, Kennedy Okelo, Hellen Okelo Nyaiego, Ronald Okelo, Elizabeth M. Akinyi Okelo, Lesley Hellen Achieng, Rispah Jessica Auma, Stephen Jonathan Omandi, Andrew Thomas Obongo, Laura Margaret Atieno, Wallace Njorege Stanley Nyoike, Peter Kinyanjui, Lukas Ndile Kimeu, Jackson Kthuva Muskoya, Gladys Munanie Musyoka, Arcy Musyoka Kithuva, Jane Mutua, Mary Nzisiva Samuel, Syuindo Musyoka, Kilei Musyoka, Conceptor Orende, Grace Bosiberi Onsongo, Nephat Kimathi, Leonard Shinengah, Caroline Wangu Karigi, Steve Marungi Karigi, Martin Karigi,

3

Wycliffe Okello Khabuchi, Mary Saliku Bulimu, Hesbon Lihanda, Winifred Maina, Betty Kagai, Katimba Mohamed, Frida Yohan Mtitu, Geoffrey L. Tupper, Omar Zuberi Omar, Asha R. Mahundi, Emma R. Mahundi, Mwajuma R. Mahundi, Shaban R. Mahundi, Juma R. Mahundi, Amiri R. Mahundi, Yusuph R. Mahundi, Mwajabu R. Mahundi, Ally R. Mahundi, Said R. Mahundi, Asha Shabani Kiluwa, Levis Madahana Busera, Emmanuel Musambayi Busera, Christine Kavai Busera, Agnes Tupper, Shaardrack Upper, Ronnie Gaudens, Selina Gaudens, Mary Esther Kiusa, Leonard Rajab Waithira, Joseph Ndungu Waithira, Grace Wanjiru Waithira, Badawy Itati Ali, Fridah Makena Alijah, Ruth Gatwiri Mwirigi, Joan Kendi Mwirigi, Francis Joseph Kwinbere, Irene Francis Kwinbere, Fredrick Francis Kwinbere, Sani Benjamin Franci Kwinbere, Barbara Wothaya Olao, Allan Collins Olao, Levina Valerian R. Minja, Violet Tibruss Minja, Emmanuel Tibruss Minja, Nickson Tibress Minja, Rehana Malik, Elizabeth Clifford Tarimo, Maraget Clifford Tarimo, Mercy Nyokabi Ndiritu, Christopher Ndiritu, Denis Kinyua, Edwin Kaara Magother, Sedrick Jerome Keith Nair, Tanya Nair, Valentina Hiza, Christopher Hiza, Christantson Hiza, Christemary Hiza, Salima Isumail, Joseph Farahat Abdallah, Majdoline Sarah Abdallah, Rispah Aysha Abdalla, Flavia Hiyanga, Diana Frederick Kibodya, Margaret Njeru Murigi, Belonce Wairimu Murig, Faith Njeri Murigi, Misheck Nduati Murigi, Felix Matheka Mwaka, Eric Wambua Mwaka, Cecilia Wayua Mwaka, Agnes Akiwal Kubai, Collins Kubai, Celestine Kubai, Saline Kubai, Hellen Jepkorir Maritim, Alice Jerop Maritim, Ruth Cherono Maritim, Anne Chepkemoi Maritim, Sheila Chebet Maritim, Edgar Kiplino Martin, Rammy Kipyego Rotich, Wambui E. Kungu, Lorna N. Kungu, Edward G. Kungu, Oneal Ezekiel Mdobilu, Peter Lous Mdobilu, John George Mdobilu, Katherine Anne Mdobili, Immanuel Setven Mdobilu, Anipha Solly, Inosensia Mpoto, Denis Matern, Anthony Mungai, Barbara Muthoni, Eddie kiburu, Joanne Natalie Awuor Oport, Yvonne Natasha Akinyi Oport, Sally Rissy Auma Oport, Milicent Malesi, Godfrey Jadevera, Lydia Andemo, Rodgers Akidiva, Frida Mwanuru, Emmily Mmbone, Lydia Osebe Gwaro, Debora Moige Gwaro, Emmanuel Ogoro Gwaro,

4

James Ogweri Gwaro, John Ndibui Mwangi, Gideon Wabwoba Ofisi, Andrew Nhuli Makau, Francis Wabuti Ofisi, Geoffrey Mbuuri Mbugua, Alex John Mjuguna Mbugua, Anne Wambui Ng'Ang'A, Esther Njeri Ng'Ang'A, Catherine Njeri, Jackson Ndngu, John Ngure, Joseph Kambo, Jackline Wambui, Jeff Rabar Oriaro, Felix Munguti, Petronila Katheo Munguti, Alex Kitheu Munhuti, Zakayo Matiko, Jacob Gati, Maureen Kadi, Beverlyne Kadi, Cecilia Dayo, Dickson Ulleta Lihanda, Ruth Kavereri, Beryl Shiumbe, Irene Khasande, Michael Tsuma, Leslie Sambuli, Harriet Chore, Stanley Chaka Murabu, Stacey Nzalambi Murabu, Ifuraim Onyango Okuku, Christine Nabwire Okuku, Jospeh Kambo, Vallen Andeyo, Peter Muyale Kuya, Peninah Akwale Mucii, Daniel Amboko Kuya, Norman Kagai, Tabitha Kagai, Charles Kagai, Wendy Kagai, Pauline Akoth Adundo, Samuel Odhiambo, Theresa Achieng Adundu, Isidore Opondo Adundo, Anne Wasonga Adundo, Henry Aliviza Shitiavai, Judy Aliviza Shitiavai, Humpherey Aliviza, Collins Mudaida Aliviza, Jacqueline Aliviza, Jaruha Yashieena Musalia, Florence Musalia, Elly Mugove MusaliaElly, Gladis Lihanda, Jane Isiaho Shamwama, Beatrice Hoka, Joab Andayi Misango, Ireen Semo, Johnstone Mukabi, Ann Wairimu, Maryann Njokie, Daniel Kiongo, Sammy Ndungu Kiarie, Faith Mutindi, Joyce Mutheu, Beatrice Atinga, Sammy Onzere, Purity Muhonja, Victor Adeka, Brian Kubai, John Zephania Mboge, Joyce Thadei Lokoa, Meresiana (Mary) Paul, Rashid Selemani Katimba, Said Selemani Katimba, Asha Omari Abdullah, August Maffry, Caroline S. Maffrey, Alison D. Maffry, Alice-Mary Talbot, Enna John Omolo, Lynette Oyanda, Linda Oyanda, Felogene Oyanda, Claire Owino, Owino Kenneth, Lair Owino, Jarrod Owino, Ora Cohen, Shalom Cohen, Shokat Sadian, Ronit Mohabber, Mohaber Orly, Orly Mohaber, Joseph Mohaber, Nethaniel Chaim Bluth, Shoshana Rosalyn Bluth, Ephraim Bluth, Tsipora Batya Bluth Reicher, Yigal Amihai Bluth, Arieh Yahuda Bluth, Chanina Samuel Bluth, Abraham Bluth, Joseph Bluth, Titus Kyaw Musyoka, Tabitha Nthambi Kalio, Kamali Musyoka, David Kamu, Velma Bonyo, Lilian Mbelu Kalio, Steve Mbuku, Philip Kariuki Gitumbo, Daen Nthambi Mulu, Winnie Bonyo, Catherine Mbatha, Bernice Mutheu Ndeti, Ali Hussein Ali,

Joyce Abur, Wason Musyoka, Caroline Kasungo Mgali, Rashihid Iddi, Annah Wangeci Irungu, Peter Kibue Kamu, Aquilas Mutuku Kalio, Kelesendhia Apondi, Elijah Bonyo, Elizabeth Wanjiku, Beatrice Martha Kithuva, Faith Kihafio, Anjela Bonyo, Barnabas Onyango, Jane Kathuka, Tilda A. Abur, Omar Iddi, Eunice Mouthoui, Paul Jaboda Onyango, Fathma Iddi, Juliet Awuor, Benson Malusi Musyoka, Catherine Gitumbo, Dorine Bonyo, Jacquiline Wangeci, Mahmoud Iddi, Selina Saidi, Susan Hirsh, Estate of Geoffrey Mulu Kalio, Kihato Irungu, Majahwa Ramadhani, Maua Mdange, Kulwa Ramadhani, Mohamed Y. Mnyolya, Saidi Mtuyla, Mwhajabu Ndange, Jecinta W. Wahome, Aisha Kambenga, Hanuni Ramadhani Ndange, Hussein Ramadhani, Juma Ndange, Adabeth Said Nang'Oko, Belinda Akinyi Adika, Rukia Munjiru Ali, Upendi Ramadhani, Idifonce Saidi, Kassim Ramadhani, Joseph Wahome, Nuru H. Sultani, Halima Ndange, Beunda Kebogo J. Chaka, Magdalena Paul, Judith Abasi Mwila, Mengo Ramadhani, Monica Wangari Munyori, Shabani Saidi Mtulya, George M. Mimba, John Saidi, Milke W. Macharia, Elizabeth Muli Kibue, Ramahdani Ndange, Mary Ofisi, Kiriumbu Wmburu Mukuria, Veronica Alois Saidi, Rehena Ramadhani, Abdul Ndange, Abdul Mtulya, David K. Kiburu, Daniel Saidi, Nicholas M. Mutiso, Racheal Wambui, Humphrey Kibiru, Harrison Kariuki Kimani, Estate of Tony Kihato Irungu, Alice Muzhomi Kiongo, David Kiburu, Steve Irungu, Jane Mweru Kiarie, Michael Kibue Kamau, Ikonye Michael Kiarie, Estate of Francis Watoro Manai, Dawn Nthambi Mulu, Victor Manai, Jacqueline Irungu, Jennifer Wambui, Newton Kamau, Faith Wambui Kihato, Grace Wanjiku Kimani, Peter Ikonya, Jane Kavindu Kathuka, Judy Walthera, Ruth Nduta, Grace Njeri Kimata, Humphrey Kiburu, Estate of Joseph Kamau Kiongo, Estate of Geoffrey Mulu Kalio, Thomas Adundo, Happiness Mwila, Emmily Bulimu, Linda O'Donnell, Edilberto Quilacio, Estate of Rodney Moorefiled, Agnes Wanjiku Ndungu, Betty Oriaro, Mathew Rtaheshelwa, Frida Bulimu, Mercy Bulimu, Lora Murphy, Patrick Nyette, Katherine Mwaka, Estate of Eulogio Quilacio, Jane Khabuchi, Margaret Baker, Mwajumba Mahundi, Anne Nganga Mwangi, Loretta Paxton, Jackson

Bulimu, Eloise Hubbel, Anthony Kiarie, Beverlyne Ndeda, Lucy Kambo, Laura Onono, Ester Nganga Mwangi, Candelaria Fraceliso, Lydia Bulimu, Paul Hirn, Rodgers Bulimu, Eucabeth Gwaro, Hesbon Lihanda, Peter Kunigo, William Mwila, Godfrey Bulimu, Loise Kuya, Titus Kyalo Musyoka, Leslie Onono, Richard Patrick, Ruth Lihanda, Estate of Leroy Moorefield, Judy Kiarie, Christine Mikali Kamau, Donald Howell, Estate of Roger Moorefield, Rolando Quilacio, Stacy Chaka, Cecilia Ndeda, Victor Watoro, Charity Kiato, Barbara Kiarie, Joseph Gathunga, George Karas, Stanley Kinyua Macharia, Andrew Onono, Hesbon Bulimu, Joan Kendi Nkanatha, Laura Harris, Ann Salambia, Stephen Onono, Millicent Bulimu, Ephraim Onyango Bwaku, Vallen Andeyo, James Chaka, Betty Owens, Susan Nicholas, Linda Shough, Tirisa Thomas, Civilier Wayua Mwaka, Justin Amduso, Rose Nyette, Victor Mpoto, Christine Nabwire Bwaku, Gideon Maritim, Kelliy Musyoka, Shadrack Tupper, Juruha Musalia, Beatrice Amduso, Irene Khabuchi, Sedrick Nair, Manzi Musyoka, Sharone Maritim, Nicholas Karas, Joshua Daniel Mdobilu, Edgar Maritim, Franciso Kyalo, David Kariuki Ngugi, Negeel Andika, Warren Awala, Shira Cohen, Angela Wamai, Estate of Adams Titus Wamai, Estate of Lucy Grace Onono, Grace Njeri Gicho, Njeri Kimata, Edwina Owuor, Vincent Owuor, Orly Cohen, Alice Muhoni Kamau, Estate of Frederick Yafes Maloba, Titus Wamai, Paul Mwangi Ngugi, Meirav Cohen, Mordechai Thomas Onono, Samuel Pussy, Felister Wanjiru Gitau, Elchanan Cohen, Dick Obworo, Gerald Owino, Adhiambo Sharon, Estate of Peter Kabau Marcharia, Estate of Kimeu Nzioka Ngana, Elizabeth Vutage Maloba, Pauline Kamau, Grace Njeri Gicho, Sarah Anyiso Tikolo, Debra Mayaka, Leah Owino, Jacob Awala, Mary Mutheu Ndambuki, Estate of Francis Watoro Maina, Andrew Pussy, Stanley Njar Ngugi, Estate of Moses Geofrey Naniai, Diana Nyangara, Nagugi Macharia, Ann Wambui Kamau, Newton Kamau, Diana Williams, Grace Njeri Kimata, Daniel Cohen, Marlong Okile, Diana Njoki Macharia, Gitau Catherine Waithira, Winifred Wairiumu Wamai, Lloyd Wamai, Margaret Njoki Ngugi, Elsy Pussy, Joseph Kamau Kiongo, Wendy Achieng, Earnest Gichiri Gitau, Lewis Mafwavo, Okile Marlon, Ngugi

Macharia, Grace Paul, Estate of Peter Kabau Macharia, Mercy Kamau Mairimu, Doreen Mayaka, Dennis Okatch, Neria Mohaber, Lucy Kamau, Peter Kamau, Deborah Kerubo, Ole Pussy Samuel Kashoo, Jenipher Okatch, Estate of Francis Olewe Ochilo, Doreen Nasieku, John Mungai Ngugi, Ann Ruguru, Sammy Okere, John Muriuki Girandi, Orly Mohaber, Estate of Maurice Okatch Ogola, Francis Watoro Maina, Josinda Katumba Kamau, Rachel Wambui, Estate of Rachel Mungasia Pussy, Jane Kamau, Margaret Maloba, Samson Ogolla Okatch, Faith Wanza Kamau, Rosemary Anyango Olele, Daniel Kiomho Kamau, Priscilla Okatch, Peter Ngugi, Victor Maina, Estate of Mayaka Lydia Mukiri, Rosemary Anyango Okatch, Nyangoro Wilfred Mayaka, Estate of Vincent Kamau Nyoike, Vera Jean Oyanda, Kenneth Maloba, Caroline Wanjiru Kamau, Estate of Teresia Wairimu, Estate of Frederick Maloba Yafes, Raphael N. Kivindyo, Estate of Frederick Maloba Yafes, Elizabeth Vutage Maloba, Kenneth Maloba, Mary Vutagwa Mwalie, Estate of Teresia Wairimu Kamau, Elizabeth Victoria Kitao, Sara Mwendia Mbogo, Luka Mwalie Litwaj, Sharon Adhiambo Maloba, Lucy Kamau Kiongo, Margaret Onyachi Margaret, Margaret Mwikali Nzomo, Derrick Maoakitwe, Nancy N. Machari, Marlon Okile Maloba, Estate of Steven Odhiambobelinda Adhiambo, Moses Kinyua, Teresia Waitimer, Lewis Mafwavo Maloba, Dennis Kinyua, Faith Acheing, Teresia Wairimu Kamau, Benson Ndegwa Muruthi, Stephe Njuki, Stephen Muli, Emiy Kanaiza Minay, Phoeba Nyaguthi Ndegwa, Phoeba Nyaguthi Ndegwa, Solomon Mbugua Mbuun, Barbara Muli, Ephanus Njagi, Stella Wambui Mbugua, Nancy Wanjeru, Raphael Peter Munguti, Reuben Nyaga, Reuben Nyaga, Mary Mbeneka Munguti, Hudson Chore Makidiah, Anne Muchogo, Sammy Ng'ang Mwangi, Nancy Nagak, Charles Mwaka Mulwa, Meshark Ireri, George Magak Mimba, Estate of Francis Mbogo Njunge, Catherin Nduki Mwaka, Samuel Mbugua Ndungu, Angela Mwongeli, Isack Kariuki, Anastasiah Lucy Mugure, Maureen Ndeda, Edith Njeri, Lydiah Mdila Makau, Omuchirwa Charles Ochola, Margret Ndibui Ndibui, Estate of Francis Ndungu Mbugua, Valentine Ndeda, Charles Mwangi Ndibui, James Ndeda, Nigeel Andika Namai,

John Mwiry, Mary Muthoni, Roselyne Kasorani, Mary Makau Ofisi, Aaron Makau Ndivo, Samuel Mbugwa, Sara Tikolo Naniai, Winfred Maina, Lucy N. Ng'ang'a, Anges Wanjiku, Francis Maina Ndibui, Rael Ochola, Estate of Moses Namai, Estate of Abdulrahman M. Abdalla, Pauline D. Abdallah, Aggrey N. Abuti, Abdulrahman R. Bashir, Annastaciah Lucy Boulden, Olambo Charles, Jennifer J. Chebol, Boniface Chege, Joseph T. Gathecha, Caroline W. Gichuru, Wunnie W. Gichuru, Mary Majugu Gitonga, Peris Gitumbu, Estate of Klyeliff C. Bonyo, Olambo Charles, Jennifer J. Chebol, Boniface Chege, Lucy Chege, Peris Gitumbu, Sajjad Gulamali, Christant Hiza, Estate of Hamida Iddi, Estate of Hindu Omar Iddi, Ramdan Kimam Jurau, Frederick Kabodya, Elsie Kagimbi, Iddi A. Kaka, Estate of Geoffrey Mulu Kalio, Estate of Joel Gitumbo Kamau, James Kanja, Eddieson Kapesa, Marini Karima, Limmles I. Kasui, Bernard M. Kaswii, Valentry Katunda, Henry Bathazar Kessy, David M. Kimani, Cynthia Kimble, Marina Kirima, Samuel Kivindyo, Blasio Kubai, Moses M. Kuiyva, Peter N. Kung'u, Edward Kung'u, Lorna Kung'u, Wambui Kung'u, Thomas G. Kuria, Evitta Francis Kwimbere, James M Macharia, Milka Wangari Macharia, Livingstone Busera Madahana, Sita Magua, Estate of Ramadhani Mahundi, Aaron Makau, Menelik Kwamia Makonnen, Nafisa Malik, Toitoro O. Masanga, Robert M. Matheka, Edson Maumu, Richard N Maweu, Gideon K. Mazitim, Matthew M Mbithi, Christopher McMullen, Laurel McMullen, Justina Mdobilu, Makonnen K. Meneric, Emily K. Minayo, Tibruss Minja, Hosianna Mmbaga, Estate of Abdallah M. Mnyolya, Charles Mwaka Mulwa, Paul K Musau, Estate of Dominic Musyoka, Edward M. Muthama, Thomas M. Mutua, Laydiah Wanjiru Mwangi, Gitonga Mwanike, Estate of William Abbas Mwila, Paul G. Mwingi, Valerie Nair, Estate of Yusuf Ndange, James Babira Ndeda, Charles M. Ndibul, Lucas M Ndile, John Muiru Ndungu, Margaret W. Ndungu, Anthony Ngingya, Caroline Ngui Ngugi, Charles Mwirigi Nkanatha, Estate of Bakari Nyumbu, Enos Nzalwa, Julius M. Nzivo, Caroline N. Ochieng, John Makau Ofisi, Julius Gwardo Ogoro, Julius Ogoro, Patrick Ouma Okechi, Joash O. Okendo, Wellingtone Oluoma, Estate of Eric Onyango,

Samuel O. Oriaro, Tobias O. Otieno, Estate of Elisha E. Paul, Estate of Mtendeje Rajabu, Estate of Dotto Ramadhani, Estate of Saidi Rogath, Blasio Shikami, Elizabeth Slater, Stacy Waithere, Justus M. Wambua, Rachel Wambui Watoro, Benjamin Winford,

*Plaintiffs-Appellants*,

Jennifer Njeri, Anthony Njoroge, Hamida Idi, Peter Mulwa Mwaka, Valentine Jemo, Phelister Okech, Richard Otolo, Estate of Roger Toka Otolo, Caroline Ochi Okech, Hilario Ambrose Fernandes, Mischeck Mbogo, Abraham Otolo, Trusha Patel, Elizabeth Kerubo Gwaro, Lydia Nyaboka Otao, Dennis Okoth, Estate of Edwin Opiyo Omori, Alexander Vrontamitis, Julius Ogoro Ogoro, Samuel Odhiambo Oriaro, Isaac Kariuki Mbogo, Patrick Ouma Okechi, Margaret Kanini Otolo, Victor Otolo, Victor Otolo, Victor Otolo, Betty Obunga, Bryan Boaz Omori, Samson Ogolla, Nancy Mbogo, Estate of Maurice OgollaOkatuh, Jackline Achieng, Johnathan Gilbert Okech, Ann Mbogo, Leonidas Vrontamitis, Ephantus Mbogo, Estate of Francis Olewe Ochilo, Jackline Achieng, Reuben Nyaga Mbogo, Florence Pamela Omori, Oport Oport, Michael Ware, Stephen Mbogo, Mary Akotsi Mudeche, Rachel Oyanda, Rosemary A. Olewe, Priscilla Ndula Okatch, Annah Wangechi, Phaedra Vrontamitis, Joash Otao Okindo, Jacinta W. Wahome, Jerry Oreta Omori, Roselyne Ndeda, Philemon Oport, Hannah Wambui, Doreen Atieno Oport, Charles Olewe, Estate of Evans Onsongo, Edwin Nyangau Onsongo, Venice Onsongo, Mary Onsongo, Vincent Owuor, Peris Onsongo, Jomo Matiko Boke, Gaudens Thomas, James Andayi Mukabi, Martha Achieng Onyango, Irene Kung'u, Velma Akosa Bonyo, Ally Kindamba, Estate of Chrispine Bonyo, Osborn Olwch Awalla, Hamida Boke, Joyce Onyango, George Onsongo, Enoch Onsongo, Juliana Atieno Onyango, Edwina Owuor, Bernard Onsongo, Milly Mikali Amduso, Warren Awala, Marita Onyango, Edward Rutasheherwa, Estate of Eric Onyango, Estate of Abaliah Musydkya Mwilu, Yvonne Bochart, Salome Onsongo, Irena Kung'u, Hamsa Safula Asdi, Monicah Kebayi Matiko, Zephania Mboge, Gladys Onsongo, Onsongo Mweberi, Estate of Josia Owuor, Vonzaidriss Mwilu,

Gerald Bochart, Asha Mwilu, Victor Mpopo, Joyce Auma Ombese Abur, Catherine Waithera Gitau, Faith Wanza Kamau, Carolyne W. Kamau, Grace Njeri Gicho, Beatrice Mugemi Bwaku, Hannah Ngenda Kamau, Merab Godia, Estate of LawrenceAmbrose Gitau, Margaret Wambui Gitau, Monicah Wairimo Kamau, Simon Ngugi, Alexander Verontamitis, Murabu Chaka, Jotham Odiango Godia, Earnest Gichiri Gitau, Diana Njoki Macharia, Jane Kamau, Estate of Phaedra Verontamitis, Estate of Vincent Kamau Kyoike, Joan Wanjiko Kamau, Doreen Bonyo, Estate of Tilda Abur, Venis Onsongo, Selina Boke, Hamida Mwilu, Joyce Onyango, George Onsongo, Enoch Onsongo, Juliana Atieno Onyango, Bernard Onsongo, Peninah Onsongo, Milly Mikali Amduso, Warren Awala, Marita Onyango, Edward Rutasheherwa, Estate of Eric Onyango, Estate of Abaliah Musydkya Mwilu, Yvonne Bochart, Salome Onsongo, Irena Kung'u, Hamsa Safula Asdi, Monicah Kebayi Matiko, Zephania Mboge, Gladys Onsongo, Onsongo Mweberi, Estate of Josia Owuor, Abur Onyango, Vonzaidriss Mwilu, Gerald Bochart, Asha Mwilu, Victor Mpopo, Joyce Auma Ombese Abur, Catherine Waithera Gitau, Faith Wanza Kamau, Carolyne W. Kamau, Catherine Lucy Nyambura Mwangi, Caroline Nguhi Kamau, Grace Njeri Gicho, Beatrice Mugemi Bwaku, Hannah Ngenda Kamau, Merab Godia, Estate of LawrenceAmbrose Gitau, Winnie Bonyo, Estate of Vincent Kamau Kyoike, Margaret Wambui Gitau, Monicah Wairimo Kamau, Simon Ngugi, Alexander Verontamitis, Murabu Chaka, Jotham Odiango Godia, Earnest Gichiri Gitau, Diana Njoki Macharia, Jane Kamau, Estate of Phaedra Verontamitis, Hindu Omari Idi, Estate of Vincent Kamau Kyoike, Joan Wanjiko Kamau, Doreen Bonyo, Anastasia Gianopulos, Mercy Wanjiru, Angela Bonyo, Rashid Idi, Susan Njeri Gitau, Christine M. Kamau, Belinda Chaka, Estate of Peter Kabau Macharia, Paul Verontamitis, Duncan Nyoike, Japeth Munjal Godia, Lucy Wairimu, Estate of Joseph Nduta Kamau, Benson Bwaku, Josinda Katumba Kamau, Josinda Katumba Kamau, Leon Verontamitis, Mahamud Idi, Grace Akanya, Elijah Bonyo, Merab A. Godia, Stanley Nyoike, Lucy Muthoni Gitau,

*ADR Providers-Appellants*,

ABC,

       *Plaintiff*,

       v.                          21-610-cv

Turkiye Halk Bankasi A.S.,

       *Defendant-Appellee*,

DEF,

       *Defendant*.

---

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | ROBERT L. WEIGEL (Jason W. Myatt & Matthew D. McGill, *on the briefs*), Gibson, Dunn & Crutcher LLP, New York, NY & Washington, D.C. |
| FOR DEFENDANT-APPELLEE: | JOHN S. WILLIAMS (Eden Schiffmann & Akhil K. Gola, *on the brief*), Williams & Connolly LLP, Washington, D.C. |

Appeal from the judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs appeal from the district court's judgment, entered on March 3, 2021, conditionally dismissing their complaint on the ground of *forum non conveniens*. Plaintiffs are 876 U.S. government employees, or their surviving family members, who were victims of the following terrorists attacks: (1) the 1983 bombing of U.S. Marine barracks in Lebanon; (2) the 1998 bombings of the U.S. embassies in Tanzania and Kenya; (3) the 2001 bombing of a Sbarro restaurant in Israel; (4) the 2002 attack on a school in Atzomna; (5) the 2003 bombing of a bus in Jerusalem; and (6) the 2006 and 2007 abduction and murder of four U.S. servicemembers in Iraq.

In the aftermath of these attacks, plaintiffs brought thirteen lawsuits against the Islamic Republic of Iran ("Iran"), in the United States District Court for the District of Columbia, for providing material support for these terrorist attacks. Through these lawsuits, plaintiffs obtained more than $10 billion in default judgments against Iran, which Iran has failed to satisfy. Plaintiffs, as judgment creditors, have now sued defendant-appellee Türkiye Halk Bankasi A.Ş. ("Halkbank"), a bank that is majority-owned by the Republic of Türkiye ("Turkey") and headquartered in Turkey. The lawsuit is based on Halkbank's alleged fraudulent funneling of over $1 billion for Iran— through correspondent bank accounts at U.S. financial institutions located in the Southern District of New York—in violation of U.S. sanctions against Iran, thereby depriving plaintiffs of their ability to collect their judgments. Plaintiffs seek (1) rescission and turnover of fraudulent conveyances made in violation of New York Debtor and Creditor Law §§ 273-a and 276; (2) turnover under New York Civil Practice Law and Rules § 5225; and (4) turnover under the Terrorism Risk Insurance Act § 201(a), codified at 28 U.S.C. § 1610 note.

The district court conditionally granted Halkbank's motion to dismiss on the ground of *forum non conveniens*, concluding that "plaintiffs' choice of forum commands minimal deference, Turkey is an adequate alternative forum for this action, and the private and public interest factors weigh strongly in favor of dismissal . . . ." Special App'x at 36. Pursuant to this conditional dismissal, the parties filed an agreement to litigate in Turkey under which Halkbank agreed to "accept service in Turkey . . . ; submit[] to the jurisdiction of the [Turkish courts] . . . ; [and] not file objections based on any statute of limitations for the period from March 27, 2020 (the date Plaintiffs filed this action in this Court) to the date [p]laintiffs file a complaint in a proper Turkish court . . . ." *Id.* at 41. Subsequently, the district court entered judgment dismissing the complaint on the *forum non conveniens* ground, and plaintiffs appealed. We assume the parties' familiarity

13

with the underlying facts, procedural history of the case, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

We review dismissals on the ground of *forum non conveniens* for abuse of discretion. *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 699 (2d Cir. 2009). In the context of *forum non conveniens*, a district court abuses its discretion "when a decision[:] (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Celestin v. Caribbean Air Mail, Inc.*, 30 F.4th 133, 137 (2d Cir. 2022) (internal quotation marks and citation omitted). We review *de novo* determinations of foreign law. *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, 138 S. Ct. 1865, 1873 (2018).

To assess whether dismissal on the ground of *forum non conveniens* is warranted, district courts conduct a three-step inquiry. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 70–75 (2d Cir. 2001) (en banc). Under this inquiry, the district court: (1) determines what degree of deference plaintiff's choice of forum is entitled; (2) considers whether an adequate alternative forum exists; and (3) balances the private and public interest factors implicated by the choice of forum. *Id.*

On appeal, plaintiffs challenge the district court's application of this framework. Specifically, plaintiffs contend that the district court erred by: (1) granting only minimal deference to plaintiffs' choice of forum; (2) concluding that Turkey was an adequate forum for plaintiffs' claims; and (3) finding that private and public interest factors favored litigating in Turkey. We disagree. As set forth below, we conclude that the district court properly applied the requisite three-part test and acted within its discretion in concluding that the action should be conditionally dismissed on the ground of *forum non conveniens*.

14

## I.    Deference to Plaintiffs' Choice of Forum

Plaintiffs first argue that the district court abused its discretion in granting minimal deference to plaintiffs' choice of forum.

Although there is generally a "strong presumption in favor of the plaintiff's choice of forum," *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981), when a plaintiff is "foreign," the choice of forum "deserves less deference," *id.* at 256. As we have explained, "the degree of deference to be given to a plaintiff's choice of forum moves on a sliding scale depending on several relevant considerations." *Iragorri*, 274 F.3d at 71. Factors that support deference to a plaintiff's choice of forum include: "the convenience of the plaintiff's residence in relation to the chosen forum, the availability of witnesses or evidence to the forum district, the defendant's amenability to suit in the forum district, the availability of appropriate legal assistance, and other reasons relating to convenience or expense." *Id.* at 72. With regards to convenience, if "an expatriate U.S. citizen residing permanently in a foreign country brings suit in the United States," this court has indicated that "it would be less reasonable to assume the choice of forum is based on convenience." *Iragorri*, 274 F.3d at 73 n.5.

Applying these principles, we discern no abuse of discretion in the district court's determination that plaintiff's choice of forum was "entitled to some, albeit minimal, deference." Special App'x at 29. Of the 670 plaintiffs for whom residency information is known, 202 reside in the United States whereas 468 reside in foreign countries. *See* Joint App'x at 466–67. The district court found that, because the vast majority of plaintiffs reside overseas rather than in the United States, plaintiffs' choice of forum was entitled to less deference.[1] The district court also

---

[1]  To the extent plaintiffs suggest that the presence of U.S. citizen plaintiffs precludes a district court from giving less deference to the choice of forum even when the overwhelming majority of the plaintiffs reside

15

noted that even though the alleged fraudulent scheme that is the subject matter of this action "permitted funds to move through New York financial institutions without seizure either by the U.S. government or by the plaintiffs as judgment creditors," Special App'x at 29, the alleged scheme was "orchestrated primarily in Turkey" and "there is little, if any, connection between this action and this forum," *Id.* at 28. Additionally, the district court relied on the facts that "almost all of the relevant evidence is located in Turkey" and "many of the potentially relevant witnesses are Halkbank employees . . . in Turkey . . . [and] outside the subpoena power of this Court." *Id.* Thus, the district court observed that "[t]he difficulty of conducting discovery in this litigation if it continues in the United States weighs against deference to the plaintiffs' choice." *Id.* at 28–29. We conclude that the district court's decision to grant minimal deference to plaintiffs' choice of forum, after weighing these considerations, was within its broad discretion.[2]

---

abroad, we find that argument unpersuasive. *See, e.g.*, *Wamai v. Indus. Bank of Korea*, No. 21-1956-cv, 2023 WL 2395675, at *2 n.1 (2d Cir. Mar. 8, 2023) (collecting cases).

[2] The district court also noted that "[i]t is unclear if Halkbank is even amenable to suit in the United States, as it has contested jurisdiction in both this case and the criminal case [brought against Halkbank by the U.S. Department of Justice in the Southern District of New York]." Special App'x at 29. Following the district court's decision, we held in the criminal case that Halkbank was not entitled to dismissal of the indictment under the Foreign Sovereign Immunities Act ("FSIA") or common law, and the United States Supreme Court subsequently affirmed that 18 U.S.C. § 3231 confers jurisdiction and that the FSIA does not provide immunity from the criminal prosecution, but remanded to this court the issue of whether the common law offers Halkbank immunity from a criminal prosecution. *See Turkiye Halk Bankasi A.S. v. United States*, 143 S. Ct. 940 (2023). Plaintiffs contend that the litigation in the criminal case supports their position because, as plaintiffs assert, the district court based its decision in part on the uncertainty regarding Halkbank's amenability to suit in the United States. However, whether the FSIA provides Halkbank immunity in a civil suit is a question that the Supreme Court did not reach. *See id.* at 946. Similarly, to the extent that plaintiffs also assert that the district court failed to consider the likelihood of a criminal trial of Halkbank in New York in assigning minimal deference to the choice of forum, the jurisdictional issue in the criminal case remains unresolved. In any event, this jurisdictional issue was not a dispositive factor in the district court's analysis and thus, even if jurisdiction exists over Halkbank in this civil case and the criminal case proceeds in New York, the district court did not abuse its discretion in concluding that plaintiffs' choice of forum was entitled to minimal deference based upon the other considerations referenced above.

16

## II.    Adequacy of Alternative Forum

Next, plaintiffs contend that the district court erred in finding Turkey to be an adequate alternative forum.

At step two of the *forum non conveniens* inquiry, a defendant has the burden of establishing that an adequate alternative forum exists and that the relevant factors favor litigating in the alternative forum. *See Wiwa v. Royal Dutch Petrol. Co.*, 226 F.3d 88, 100 (2d Cir. 2000). If a defendant "fails to carry this burden, the *forum non conveniens* motion must be denied regardless of the degree of deference accorded plaintiff's forum choice." *Norex Petrol. Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 157 (2d Cir. 2005). "An alternate forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru*, 665 F.3d 384, 390 (2d Cir. 2011) (internal quotation marks and citations omitted). It is well established that an alternative forum need not have identical causes of actions or remedies—or, more generally, law as "favorable to the plaintiff's chance of recovery" as the chosen forum—to be adequate. *Piper*, 454 U.S. at 250; *see also Norex*, 416 F.3d at 158 ("[T]he availability of an adequate alternative forum does not depend on the existence of the identical cause of action in the other forum, nor on identical remedies." (internal quotation marks and citation omitted)). However, a forum may be inadequate if the remedy it offers is "so clearly inadequate or unsatisfactory that it is no remedy at all," *Piper*, 454 U.S. at 254, or if there is a "complete absence of due process or an inability . . . to provide substantial justice to the parties" in the alternative forum, *In re Arbitration Between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukr.*, 311 F.3d 488, 499 (2d Cir. 2002). A district court's "[d]etermination of a foreign country's law is an issue of law," which we review

without deference to the district court's ruling. *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 92 (2d Cir. 1998).

Plaintiffs concede that Halkbank is amenable to service of process in Turkey. However, they argue that the district court erred in concluding that defendants met their burden of demonstrating that Turkey is an adequate forum because, among other things, Halkbank failed to establish that Turkish courts would recognize plaintiffs' judgments or claims against Iran and that plaintiffs are "highly unlikely to obtain justice" in Turkish courts in this case against a bank "which is indirectly owned and controlled by the Turkish government and its agents . . . ." Appellants' Br. at 44 (internal quotation marks and citation omitted). We find plaintiffs' arguments unpersuasive and conclude that the district court correctly determined that defendant had met its burden of proving the adequacy of the alternative forum.[3]

According to plaintiffs, Halkbank did not establish that Turkish courts would recognize a default judgment awarding punitive damages against a foreign sovereign (*i.e.*, Iran) for tortious acts that occurred in a third country. The district court, however, correctly rejected this argument because "Halkbank and its experts ha[d] persuasively demonstrated several means by which the plaintiffs may recover from Halkbank under Turkish law for the conduct alleged in the complaint." Special App'x at 31. In particular, as the district court noted, "[t]hese Turkish causes of action are not contingent on the recognition of the plaintiffs' U.S. judgments by Turkish courts, and in any

---

[3] On appeal, plaintiffs also argue that the forum is inadequate because defendants did not waive statute of limitations defenses that may have accrued before the filing of this action, however, plaintiffs have waived this argument by not raising it in the district court. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006); *see also Seales v. Panamanian Aviation Co.*, 356 F. App'x 461, 464 (2d Cir. 2009) (summary order). While plaintiffs argue that their argument is a question of law and that this court may exercise its discretion to review this issue, *see Bogle-Assegai*, 470 F.3d at 504, they have not pointed to any statute of limitations defenses that Halkbank could invoke, and we decline to conduct an independent investigation into Turkish law.

event, Halkbank and its experts have shown that plaintiffs' U.S. judgments may be recognized in Turkey." *Id*. In other words, even if a Turkish court fails to enforce plaintiffs' U.S. judgments, Halkbank's experts showed, and the district court properly credited their evidence, that plaintiffs would not be without an adequate remedy, as other causes of action under Turkish law—collusion, cancellation of a discretionary disposition, and tort—allow recovery for the alleged conduct and are not contingent on recognition of the judgments.

We find similarly unpersuasive plaintiffs' contention that the Turkish courts are unlikely to provide substantial justice given the unique circumstances of this case. Specifically, plaintiffs argue that the Turkish government's aggressive interference with the criminal proceedings against Halkbank, which allegedly arose from the same underlying conduct at issue here, demonstrates that it is unlikely that plaintiffs will be able to obtain justice in the Turkish courts. Additionally, plaintiffs point to a U.S. Department of State report stating that Turkish authorities have "restricted fundamental freedoms and compromised the rule of law." Appellants' Br. at 45 (quoting Joint App'x at 729). Thus, although plaintiffs recognize that U.S. courts have previously found Turkey's legal system to be an adequate forum for resolving civil disputes, they contend that circumstances in this particular case do not support such a conclusion.

We have emphasized that "considerations of comity preclude a court from adversely judging the quality of a foreign justice system absent a showing of inadequate procedural safeguards, so such a finding is rare." *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 73 (2d Cir. 1998) (internal citation omitted); *accord Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir. 2009). Therefore, "the plaintiff bears the initial burden of producing evidence of corruption, delay or lack of due process in the foreign forum, [and] the defendant bears the ultimate burden of persuasion as to the adequacy of the forum." *Abdullahi*, 562 F.3d at 189.

19

In rejecting plaintiffs' argument, the district court acknowledged that plaintiffs' allegations of Turkish officials' interference in the criminal investigations against Halkbank are "serious and deserve attention." Special App'x at 32. However, the district court noted that "[i]f plaintiffs were to litigate this matter in Turkey, . . . the litigation would involve Turkey's civil court system rather than its criminal law enforcement agencies." *Id.* at 32–33. The district court correctly found that "[p]laintiffs' allegations regarding Turkish law enforcement are therefore not sufficient to demonstrate that the Turkish civil court system is an inadequate forum for plaintiffs' claims." *Id.* at 33. Similarly, the State Department report cited by plaintiffs did not support a finding that the Turkish courts are "characterized by a complete absence of due process or an inability of the forum to provide substantial justice to the parties." *Monegasque De Reassurances S.A.M.*, 311 F.3d at 499; *accord Turedi v. Coca Cola Co.*, 460 F. Supp. 2d 507, 524–25 (S.D.N.Y. 2006) (rejecting State Department reports as "insufficient to demonstrate the inadequacy of Turkey as an alternative forum"), *aff'd*, 343 F. App'x 623 (2d Cir. 2009). Moreover, the fact that the litigation involves a government-controlled bank does not make the alternative forum inadequate. *See Monegasque De Reassurances S.A.M.*, 311 F.3d at 499 ("[Plaintiff's] contention that a Ukrainian forum is not an adequate forum simply because a state-owned enterprise of Ukraine is involved also must be rejected as without foundation. It is hardly unusual, considering the number of state-owned business entities throughout the world, for a finding of forum non conveniens to be made in favor of the forum of a state whose entity is a party litigant.").

In sum, we conclude that the district court, recognizing our "reluctance to find foreign courts 'corrupt' or 'biased,'" Special App'x at 33 (alteration adopted) (quoting *Monegasque De Reassurances S.A.M.*, 311 F.3d at 499), correctly determined that plaintiffs' allegations were insufficient to meet their "initial burden of producing evidence of corruption" in the Turkish civil

20

courts, *Abdullahi*, 562 F.3d at 189, and therefore did not undermine defendant's evidence regarding the adequacy of the forum.

### III.     Private and Public Interest Factors

Finally, plaintiffs argue that the district court abused its discretion in deciding that private and public interest factors weigh strongly in favor of dismissal.

Even where the degree of deference to a plaintiff's choice of forum is reduced at step one and there is an adequate alternative forum at step two, dismissal is warranted only if the defendant shows that plaintiff's choice of forum is "genuinely inconvenient and the [alternative] forum significantly preferable." *Iragorri*, 274 F.3d at 74–75. In assessing the conveniences of the forums, courts consider both private and public interest factors. Private interest factors include, "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 73–74 (internal quotation marks and citation omitted). Public interest factors include, "administrative difficulties associated with court congestion; the unfairness of imposing jury duty on a community with no relation to the litigation; the interest in having localized controversies decided at home; and avoiding difficult problems in conflict of laws and the application of foreign law." *Aguinda v. Texaco, Inc.*, 303 F.3d 470, 480 (2d Cir. 2002) (citation omitted).

The district court concluded that the private factors weighed strongly in favor of litigating in Turkey because "[t]he underlying facts in this litigation involve an alleged fraudulent scheme conducted in large part by a Turkish bank and its Turkish employees in Turkey" and "[t]he relevant evidence is largely in Turkey." Special App'x at 34. Further, the district court determined that

most of the relevant witnesses are either within or closer to Turkey, and these witnesses are "beyond the subpoena power of this Court." *Id.* Thus, it found that "[t]rying this case in the United States would not be easy, expeditious, or inexpensive." *Id.* The district court also held that public considerations weighed heavily in favor of litigating in Turkey. In particular, the district court cited the lack of a connection between the case and New York, Turkey's interest in hearing an action involving an important Turkish financial institution, and the parties' choice of law dispute involving the potential application of Turkish substantive law.

We discern no abuse of discretion in the district court's weighing of the private and public factors. To the extent plaintiffs argue that the district court "abused its discretion in disregarding strong policies in favor of providing avenues for redress for victims of terrorism and aiding those victims in their subsequent enforcement efforts in the United States," Appellants' Br. at 35, we disagree. As an initial matter, we note that, in its opposition brief to the motion to dismiss in the district court, plaintiffs failed to argue specifically that this policy should be weighed when they addressed the balancing of the private and public factors. *See* Supp. App'x 1154–55. In any event, to the extent plaintiffs made a cursory reference to such a policy in another portion of its opposition brief, *see id.* at 1157, the district court was well within its discretion in finding that the other private and public factors outweighed the consideration of that issue under the particular facts of this case, *see Wamai*, 2023 WL 2395675, at \*5 ("We . . . recognize that, in their capacity as judgment creditors, victims of terrorism and their families have a legitimate and compelling interest in pursuing claims against [a foreign bank] for its allegedly wrongful conduct that hindered their ability to recover Iranian assets. However, their preference to litigate those claims in a U.S. court is not the only consideration.").

\*   \*   \*

22

In sum, we conclude that the district court did not abuse its discretion in conditionally granting the motion to dismiss on the ground of *forum non conveniens*.

We have considered plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court